cat/div 2241 1530 1 Dade
Case # _____
Judge _____ Mag _____
Motn Ifp No  Fee pd $ 0
Receipt # _____

district court of the UNITED STATES
In care of the SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

# 11-22360-CV-COOKE/TURNOFF

NOTICE OF TORT CLAIM

BRUCESTAN T JORDAN®
    PLAINTIFF

V.

PATRICK A. WHITE

JOAN A. LENARD

MARCIA G. COOKE

TODD CAMPBELL

WILLAIM J. HAYNES, JR

JOHN S. BRYANT

JERRY E. MARTIN

WILLIAM LEE DENEKE
    DEFENDANT

Date: June 20th, 2011

FILED by CBA D.C.

JUN 29 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## GENERAL ALLEGATIONS

    On April 21st, 2010 defendant PATRICK A. WHITE issued a report and recommandation construing a 28 U.S.C.§ 2241 Habeas Corpus petition that was filed by the undersigned as a 28 U.S.C.§ 2255. Said defendant failed to give the plaintiff an opportunity to withdraw his petition pursuant to Castro v. U.S., 540 U.S. 375 (2003). On May 27th, 2010 defendant JOAN A. LENARD adopted PATRICK A. WHITE report and recommandation and failed to perform a de novo review and also failed to give the plaintiff an opportunity to withdraw the petition under Castro v. U.s.. On or around June of 2010 the undersigned petition was construed as a 28 U.S.C.§ 2255 before the undersigned received notice under Castro and was transferred to the District Court in Nashville, Tennessee as a 28 U.S.C.§ 2255.

    On or around June 29th, 2010 defendant TODD CAMPBELL issued an Order to the Plaintiff to show cause within 30 days as to why the petition should not be time-barred under 28 U.S.C.§ 2255. This order is evidence that the defendant had accepted the petition as a 28 U.S.C.§ 2255. On or around JUly 13th, 2010 the plaintiff sent notice to the defend-

(1)

-ant TODD CAMPBELL of the Castro violation and stated that he will agree that the petition is time-barred under 28 U.S.C.§ 2255 if said defendant can provide Proof of Claim that (among other things) Jim Crow Law was not used to enslave the undersigned and subject him to involuntary servitude. As a result, instead of rising to the challenge or deleting and withdrawing the petition as demanded by the plaintiff, said defendant recused himself from the case.

After the recusal of defendant TODD CAMPBELL defendant WILLIAM J. HAYNES, JR was ordered to take the case by defendant TODD CAMPBELL. After reviewing the record defendant WILLAIM J HAYNES, JR assigned defendant JOHN S. BRYANT to case no. 3:10-cv-00525. Both parties accepted the petition as a 28 U.S.C.§ 2255 and appointed two attonrey's to the case. Evidence of acceptance and aiding and abetting the breach of duty can be found on record in docket sheet in case no. 3:10-cv-00525 document numbers 19 and 23.

On or around December 17th, 2010 the undersigned filed another petition for Writ of Habeas Corpus. Again defendant PATRICK A. WHITE issued a Report and recommandation for the petition to be transferred to the court in Nashville, Tennessee under 28 U.S.C.§ 2255 without giving notice to the petitioner under Castro v. U.S., 540 U.S. 375 (2003) on January 3rd, 2011. On January 25th, 2011 defendant MARCIA G. COOKE adopted defedant P.A. WHITE R&R without giving notice under Castro to the undersigned and transferred the petition to the District Court in Nashville, Tennesee in violation of Castro v. U.S. . On or around February 16th, 2011 defendant TODD CAMPBELL received the petition and recused himself in case no. 3:11-cv-00092. On or around March 11th, 2011 defendant WILIAM J. HAYNES, JR accepted the petition as a 28 U.S.C.§ 2255 and consoliated the case with case no. 3:10-cv-00525.

On or around October 15th, 2010 the defendants JERRY E. MARTIN and WILLIAM LEE DENEKE after reviewing the record and becoming aware of the Castro violation filed a Motion to Dismiss the case as being a 28 U.S.C.§ 2255 filed beyond the one-year statute of limitations. Again, on May 5th, 2011 defendants WWILLIAM LEE DENEKE and JERRY E. MARTIN knowing of the Castro violation filed a motion to dismiss under 28 U.S.C.§ 2255. On or around JUne 6th, 2011 defendant JOHN S. BRYANT issued an Order to Show Casuse as to why said defendants renewed motion to dismiss should not be granted.

## COUNT I.
### BREACH OF FIDUCIARY DUTY

(2)

Defendants PATRICK A. WHITE, JOAN A. LENARD, and MARCIA G. COOKE has knowingly and willingly breached there fiduciary duty by failing to give the undersigned notice under Castro v. U.S., 540 U.S. 375.**["BEFORE"]** recharacterizing the motion as a §2255 motion the court was <u>duty-bound</u> -- pursuant to the Supreme Court's instructions in Castro v. U.S. -- to warn Turnquest about certain sucessive filing restrictions that would result from such recharacteriztion, U.S. v. Turnquest, 2009 U.S. Dist. LEXIS 41870 (S.D. Ga 2009). Defendant JOAN A. LENARD and MARCIA G. COOKE breach there fiduciary duty by failing to perform a de novo review of defendants PATRICK A WHITE report and recommandation pursuant to 28 U.S.C.§ 636(b)(1) and Fed.R.Civ.P. Rule 72.

As a result of the defendants breach of fiduciary duty, the plaintiff was denied his right ot withdraw his petition pursuant to Castro. A fiduciary relation is one found on trust or confidence reposed by one person in the integrity and fidelity of another. The term ["is a very broad one"]... A fiduciary relation exists when confidence is reposed on one side and there is resulting superiority and influence on the other, Thomas v. N.A. Chase Manhattan Bank, 1 F.3d 320, 328 (11th Cir. 1993). A claim of breach of fiduciary duty is basically a claim for negligence that involves a higher standard of care. In order to recover, one must show the existence of a duty on the part of the alleged wrongdoer not to subject such person to the injury complained of, Academic Imaging, LLC v. Soferion Corp, 352 Fed. Appx. 59 (6th Cir. 2009).

The elements for a breach of fiduciary duty claim are; 1) the existence of a fiduciary duty; 2) breach of the fiduciary duty; and 3) damages that are a direct and proximate cause of the breach, Border Collie Rescue, Inc v. Ryan, 418 F. Supp. 2d 1330, 1342 (M.D. Fla 2006). Therefore said defendants has knowingly and willingly breach there fiduciary duty under Castro v. U.S., 28 U.S.C.§ 636(b)(1) and Rule 72 of the F.R.Civ.P..

## COUNT II.
### AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY

Defedants JOAN A. LENARD, MARCIA G. COOKE, WILLIAM J. HAYNES, JR, TODD CAMPBELL, JOHN S. BRYANT, JERRY E. MARTIN, and WILLIAM LEE DENEKE knowingly and willingly aided and abetted the breach of defendant PATRICK A. WHITE fiduciary duty. Defedants TODD CAMPBELL, JOHN S. BRYANT, JERRY E. MARTIN, WILLIAM LEE DENEKE, and WILLIAM J. HAYNES, JR knowingly and willingly

(3)

aided and abetted the breach of fiduciary duty by defendants MARCIA G. COOKE and JOAN A. LENARD. Defendant PATRICK A. WHITE had a fiduciary duty to notice the undersigned under Castro v. U.S., 540 U.S. 375 (2003) and defendants MARCIA G. COOKE and JOAN A. LENARD had a fiduciary duty to perform a de novo review of defendants PATRICK A. WHITE report and recommandation under 28 U.S.C.§ 636(b)(1) and Rule 72 of the F.R.Civ.P., and also notice the plaintiff under Castro v. U.S., 540 U.S. 375 (2003).

Defendants TODD CAMPBELL, JOHN S. BRYANT, JERRY E. MARTIN, and WILLIAM LEE DENEKE had knowledge of the breach of fiduciary duty and instead of rejecting the 28 U.S.C.§ 2255 petition as procedurally defective or withdrawing the petition as the undersigned demanded. The defednats accepted the 28 U.S.C.§ 2255 as one of full accord and issued orders and motions off a petition that was sent to them in error and in violation of due process to assist and encourage the procedural error and breach of duty. To establish a cause of action for aiding and abetting a breach of fiduciary duty, a plaintiff must allege; 1) a fiduciary duty on the part of the wrongdoer; 2) a breach of fiduciary duty; 3) knowledge of the breach by the alleged aider and abetter; and 4) the aider and abettor's substantial assistance or encouragement of the wrongdoing, S&B/Bibbs Hines Pb 3 Joint Venture v.Progress Energy Fla, Inc, 365 Fed. Appx. 202 (11th Cir. 2010)

## COUNT III
### CIVIL CONSPIRACY

Defendant PATRICK A. WHITE, MARCIA G. COOKE, WILLIAM J. HAYNES,JR, TODD CAMPBELL. JOHN S. BRYANT, JERRY E. MARTIN, and WILLIAM LEE DENEKE knowingly and willingly conspired to keep the undersigned in the state of involuntary servitude without due process in violation of the Fifth Amendment. The whole purpose of the conspiracy was to time bar the undersigned under 28 U.S.C.§ 2255 so that the undersigned would not be able to be freed from this state of involuntary servitude which he was never duly convicted of, so that the defendants could cover-up the kidnapping, practice of Jim Crow law, and payment of bribe money with public funds , which caused the undersigned to be enslaved in violation of the 13th Amendment.

Civil conspiracy requires proof that two or more persons combined to do an unlawful act or an otherwise lawful act by unlawful means, Petruska v. Gannon Univ, 462 F.3d 294 (3rd Cir. 2006)

(4)

COUNT IV

FIFTH AND FOURTEENTH AMENDMENT VIOLATION

Defendants PATRICK A. WHITE knowingly and willingly denied the undersigned due process by not providing the undersigned with notice under Castro v. U.S.. Dfendants JOAN A. LENARD and MARCIA G. COOKE knowingly and willingly denied the undersigned due process by failing to perform a de novo review of PATRICK A. WHITE report and recommandation. Due process requirement applies to the federal government through the Fifth AMendment U.S. Const. Amend. V. The Eleventh Circuit has stated that, in order to establish a violation, a plaintiff must demonstrate that (1) he had a constitutionally protected interest, and (2)"the government deprived him of that interest for improper motive and by means that were pretextual, arbitrary and capricious; Mackenzine v. City of Rockledge, 920 F.2d 1554, 1558 (11th Cir. 1991).

Defendants TODD CAMPBELL, WILLIAM J. HAYNES, JR, JOHN S. BRYANT, JERRY E. MARTIN, and WILLIAM LEE DENEKE knowingly and willingly denied the undersigned due process when they issued motions and orders to and against the undersigned, knowing that they did not have jurisdiction under 28 U.S.C.§ 2255 since no such petition was filed by the undersigned. As a result the undersigned was denied his substantial right to be free from the state of involuntary servitude without being duly convicted by withdrawing the procedurally defective petition and was denied his right to redress of grievances do to the use of provisions of 28 U.S.C.§ 2244 and 2255 in violation of the First Amendment.

[w]hen government actions deprives a person of life, liberty, or property without fair procedures, it violates due process, U.S. v. Deters, 143 F.3d 577, 582 (10th Cir. 1998)

COUNT V

THIRTEENTH AMENDMENT VIOLATION

The undersigned has never been duly convicted of any crime and is currently being detained by the practice of Jim Crow Law. As a result of the defendants acts the undersigned has been forced to judgment and forced to stay in a state of involuntary servitude without being duly convicted and is being detained for crime that the law does not deem to be criminal in violation of the Thirteenth Amendment.

(5)

## INJURY'S

1. As a result of the acts of the defendants, the undersigned is at the risk of being time-barred from a statute that he has never used or file.
2. The acts of the defendnats has forced the undersigned to judgment and is denying the undersigned the ability to receive relief under a real constitutional habeas corpus.
3. The acts of the defendants has caused the undersigned to be imprisoned falsely for conduct that the law finds not to be illegal, unlawful, or criminal.
4. This pending illegal action has/is causing and will cause the undersigned to be denied relief on his claims.
5. For over a year said acts by the defendants has denied the plaintiff proper legal process on his claims and has injured and limited his abilities to receive relief.

## DAMAGES

The undersigned is seeking monetary and other damages in the amount of $2,000,000.00 (two million dollars, U.S.D. currency) against each defendant and punitive damages in the amount of $20,000,000.00 (twenty million dollars, U.S.D. currency).

Therefore through this Notice of Tort Claim the defendants are now on notice that they are liable for all injury's and damages for saids acts above which were performed without authority in there individual and private capacity. The defendants did not have any authority to perform said acts and are liable for said sum certain as stated above. A state acts by its legislative, its executive, or its judicial authorities, it can act no other way, Cooper v. Aaron, 358 U.S. 1 at 17 (1958)


Without Prejudice

_____
Brucestan T X®, lawful man, neutral third party,
intervenor, authorized representative, to trust
BRUCESTAN T JORDAN®, ENS LEGIS / PLAINTIFF